UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  11-80507-CIV-MARRA/JOHNSON

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, successor in-interest to
Colonial Bank, by Asset Acquisition,
from the FDIC as Receiver for Colonial Bank,

        Plaintiff,

v.

HAMILTON GREENS, LLC, a Florida
limited liability company; DEVCON
LIVINGSTON GREENS, LLC, a Florida
limited liability company; BLG ENTERPRISES,
LLC, a Florida limited liability company;
RICHARD BELLINGER, individually;
CHAD LABONTE, individually; and
ROLAND LABONTE, individually,

        Defendants.

_____/

### DEFENDANT, CHAD LABONTE'S MOTION AND MEMORANDUM OF LAW TO DISSOLVE WRITS OF GARNISHMENT AS TO BANK OF AMERICA AND MERRILL LYNCH

Defendant, CHAD LABONTE, by and through his undersigned counsel, hereby submits his Motion to Dissolve Writs of Garnishment as to Bank of America and Merrill Lynch, and Memorandum in Support, and states as follows:

### INTRODUCTION & STATEMENT OF FACTS

1.     On October 21, 2011, BB&T filed its Motion for Summary Judgment Against Hamilton Greens, LLC, Devcon Livingston Greens, LLC, Chad Labonte, and Roland Labonte [D.E. 32].

2.     On March 6, 2012, this Court issued an Order Granting Plaintiff's Motion for Summary Judgment against Defendants Hamilton Greens, LLC, Devcon Livingston Greens, LLC, Chad Labonte, and Roland Labonte [D.E. 55].

3.    Following the entry of the Court's Order Granting Motion for Summary Judgment, on April 2, 2012, Plaintiff BB&T filed its Motion to Issue Writ of Garnishment to Bank of America [D.E. 63] and Motion to Issue Writ of Garnishment to Merrill Lynch [D.E. 65], both as Garnishees of Defendant Chad Labonte.  Thereafter, a Writ of Garnishment was issued with regard to Bank of America as Garnishee of Chad Labonte [D.E. 64] and with regard to Merrill Lynch as Garnishee of Chad Labonte [D.E. 66].

4.    The accounts in possession of Bank of America and Merrill Lynch are both held as tenancies in the entirety with Chad Labonte's wife, and thus are not subject to garnishment in the instant action.

5.    Chad Labonte respectfully requests that this Court dissolve the Writs of Garnishment as to Bank of America and Merrill Lynch because none of these accounts are subject to garnishment.

6.    In further support of his motion, Chad Labonte relies upon and incorporates the following Memorandum of Law.

## MEMORANDUM OF LAW

7.    It is well established under Florida law that a creditor cannot reach property that is held as tenants by the entirety in order to satisfy the individual debts of a spouse.  See *Bernal v. All American Investment Realty, Inc.*, 05-60956-CIV, 2009 WL 586010 (S.D. Fla. March 6, 2009).  Moreover, with regard to joint bank accounts of married couples, there is a presumption that the account is held as tenants by the entirety.  See *Beal Bank, SSB v. Almand and Associates*, 780 So.2d 45 (Fla. 2001).

8.    In *Beal Bank*, the Florida Supreme Court determined that when a married couple jointly owns personal property, there is a presumption that the property is owned as tenants by

the entirety.  Thus, if the signature card of a married couple's joint bank account does not expressly disclaim ownership of the account as tenants by the entirety, and the unities of possession, interest, title, time, and a right of survivorship are present, there is a presumption that the account is held in a tenancy by the entirety.  *Id.*  The burden is then shifted to the creditor, who must prove by a preponderance of the evidence that a tenancy by the entireties was not created, in order to defeat the presumption.  *Id.*

9.    Further, it is well-settled that where a Writ of Garnishment has been issued for an account that is later determined to be one that is held in a tenancy by the entirety, an order exempting the account from garnishment is appropriate.  See *Canovas v. Orlando Cuevas Leon*, 05-44854-BKC, 2009 WL 2386062 (Bkrtcy.S.D. Fla. July 31, 2009)

10.    In the instant action, not only does Chad Labonte own the Bank of America account in conjunction with his wife, the account is specifically noted to be a tenancy by the entirety account.  A true and correct copy of the Bank of America account's personal signature card is attached as **Exhibit "A."**

11.    In the instant action, not only does Chad Labonte own the Merrill Lynch account in conjunction with his wife, the account is specifically noted to be a tenancy by the entirety account.  A true and correct copy of confirmation of the Merrill Lynch account's status is attached as **Exhibit "B."**

12.    Additionally, Defendant Chad Labonte is currently married to non-party Erin Rossitto, and has been married to her at the time each of the accounts referenced in this Motion was opened.  A true and correct copy of Chad Labonte and Erin Rossitto's Affidavits of Marriage in support of this motion are attached as **Composite Exhibit "C."**

*CASE NO:  11-80507-CIV-MARRA/JOHNSON*

**WHEREFORE,** Defendant, CHAD LABONTE, respectfully requests that this Court enter an Order granting its Motion to Dissolve Writs of Garnishment as to Bank of America and Merrill Lynch and for such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been via electronic filing through this Court's CM/ECF system which generated a service copy to Gavin Banta, Esquire (*gsb@angelolaw.com*) and Eric C. Edison, Esquire (*ece@angelolaw.com*), Angelo & Banta, P.A., 515 East Last Olas Boulevard, Suite 850, Ft. Lauderdale, Florida 33301, and Steven A. Mayans, Esquire (*mayans@fmc-lawfirm.com*), Fitzgerald Mayans & Cook, P.A., Northbridge Centre, Suite 900, 515 North Flagler Drive, P.O. Box 3795, West Palm Beach, Florida 33402, on this 4th day of April, 2012.

LANCE W. SHINDER, P.A.
398 Camino Gardens Boulevard
Suite 109
Boca Raton, FL 33432
Telephone:     (561) 361-6800
Facsimile:     (561) 361-0062


By:   */s/ Lance W. Shinder*
        Lance W. Shinder, Esquire
        FBN: 851711
        Email:  lance@shinderlaw.com