UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-80507-CIV-MARRA/JOHNSON

BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation, successor
in-interest to Colonial Bank, by Asset Acquisition,
from the FDIC as Receiver for Colonial Bank,

        Plaintiff,

v.

HAMILTON GREENS, LLC, a Florida limited
liability company; DEVCON LIVINGSTON
GREENS, LLC, a Florida limited liability
company; BLG ENTERPRISES, LLC, a Florida
limited liability company; RICHARD BELLINGER,
individually; CHAD LABONTE, individually; and
ROLAND LABONTE, individually,

        Defendants.
_____/

## MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFF'S REQUESTS FOR PRODUCTION TO GARNISHEES, BANK OF AMERICA, N.A. AND MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED

Defendant, CHAD LABONTE, by and through his undersigned counsel hereby submits his Motion for Protective Order as to Plaintiff's Requests for Production to Garnishees, Bank of America, N.A. ("Bank of America") and Merrill Lynch Pierce Fenner & Smith, Incorporated ("Merrill Lynch"), and Memorandum in Support, and states as follows:

### INTRODUCTION & STATEMENT OF FACTS

1.    On October 21, 2011, BB&T filed its Motion for Summary Judgment Against Hamilton Greens, LLC, Devcon Livingston Greens, LLC, Chad Labonte, and Roland Labonte [D.E. 32].

*CASE NO:  11-80507-CIV-MARRA/JOHNSON*

2. On March 6, 2012, this Court issued an Order Granting Plaintiff's Motion for Summary Judgment against Defendants Hamilton Greens, LLC, Devcon Livingston Greens, LLC, Chad Labonte, and Roland Labonte [D.E. 55].

3. Following the entry of the Court's Order Granting Motion for Summary Judgment, on April 2, 2012, Plaintiff BB&T filed its Motion to Issue Writ of Garnishment to Bank of America [D.E. 63] and Motion to Issue Writ of Garnishment to Merrill Lynch [D.E. 65], both as Garnishees of Defendant Chad Labonte. Thereafter, a Writ of Garnishment was issued with regard to Bank of America as Garnishee of Chad Labonte [D.E. 64] and with regard to Merrill Lynch as Garnishee of Chad Labonte [D.E. 66].

4. On April 3, 2012, Bank of America filed its Answer to Plaintiff's Writ of Garnishment [D.E. 71]. Thereafter, on April 10, 2012, Merrill Lynch filed its Answer to Plaintiff's Writ of Garnishment [D.E. 78].

5. The accounts in possession of Bank of America and Merrill Lynch are all held as either tenancies in the entirety with Chad Labonte's wife, or as trusts unrelated to the debtor in the instant action, and thus are not subject to garnishment in the instant action. Pursuant to this fact, Chad Labonte has filed his Motion to Dissolve Writs of Garnishment as to Bank of America and Merrill Lynch [D.E. 72], and his Motion to Dissolve Writ of Garnishment as to Merrill Lynch Pierce Fenner & Smith Incorporated [D.E. 81].

6. On April 13, 2012, this Court issued an Order Referring the Motion to Dissolve Writs of Garnishment as to Bank of America and Merrill Lynch to the Honorable James M. Hopkins, for a report and recommendation on all issues raised [D.E. 82]. Further, on April 16,

2012, this Court also issued an Order referring the Motion to Dissolve Writ of Garnishment as to Merrill Lynch Pierce Fenner & Smith Incorporated to the Honorable James M. Hopkins, for a report and recommendation on all issues raised [D.E. 83].

7. Following the entry of these Orders, and prior to the Court ruling on the Motions to Dissolve Writs of Garnishment, Plaintiff served its Request for Production to Garnishee, Bank of America, N.A. on April 17, 2012, a copy of which is attached hereto as **Exhibit "A"**; and Plaintiff served its Request for Production to Garnishee, Merrill Lynch Pierce Fenner and Smith Incorporated on April 18, 2012, a copy of which is attached hereto as **Exhibit "B."**

8. Chad Labonte respectfully requests that this Court enter a Protective Order as to Plaintiff's Requests for Production to Garnishees Bank of America and Merrill Lynch, because none of these accounts are subject to garnishment and disclosure of information relating to any of these accounts would lead to disclosure of personal financial information of a non-party, namely Chad Labonte's wife.  Further, the Court has yet to rule on Chad Labonte's various Motions to Dissolve Writs of Garnishment, and responses to these Requests for Production should not be required unless the Court rules that the Writs of Garnishment should stand.

9. In further support of his motion, Chad Labonte relies upon and incorporates the following Memorandum of Law.

**MEMORANDUM OF LAW**

10. It is well settled that a party may seek a protective order from the Court upon that party's objection to responding to a request for discovery.  See In re Kilby, 88-9-BKC-3F7, 196 B.R. 627, 631 (Bkrtcy.M.D. Fla. June 4, 1996).  Further, it has been acknowledged that where

LANCE W. SHINDER, P.A.
398 CAMINO GARDENS BOULEVARD, SUITE 109, BOCA RATON, FL 33432 *TEL. (561) 361-6800

3

*CASE NO: 11-80507-CIV-MARRA/JOHNSON*

discovery was propounded on the Defendant in a case where there was an unresolved issue concerning a Writ of Garnishment, had the Defendant filed a Motion for Protective Order, the Court very well may have agreed that discovery should not proceed until a ruling had been issued relating to a question regarding a Writ of Garnishment. See Id. Although the Defendant in that case failed to file a Motion for Protective Order, and instead merely refused to respond to discovery, the reasoning is applicable to the instant action.

11. Further, a protective order should be granted where the financial records of a non-party spouse are sought, and where there is no indication that the information is reasonably calculated to lead to the discovery of admissible evidence. See Walker v. Walker, 439 So.2d 963 (Fla. 1st DCA 1983).

12. In the instant case, the Court has yet to rule on the issues pertaining to the Writs of Garnishment. As such, discovery requests relating directly to the information sought in the Writs of Garnishment is improper.

13. Additionally, the information sought by Plaintiff in its Requests for Production relates directly to financial information of Erin Rossitto, Chad Labonte's wife, who is a nonparty to the instant action. The disclosure of such information is an invasion of privacy, and is not calculated to lead to the discovery of admissible evidence as the accounts about which Plaintiff is seeking information are all held as tenancies by the entirety by Chad Labonte and Erin Rossitto, or concern trust accounts about which there is no indication that the account is the debtor.

14. The Requests for Production filed by Plaintiff are harassing in nature, as Plaintiff is well aware that the accounts about which they are seeking information are all held by Chad

*CASE NO: 11-80507-CIV-MARRA/JOHNSON*

Labonte and Erin Rossitto as tenants by the entireties, or as trust accounts about which there is no indication that the account is the debtor, and thus are not relevant to the instant action.

**WHEREFORE**, Defendant, Chad Labonte, respectfully requests that this Court enter a Protective Order as to Plaintiff's Requests for Production to Garnishees Bank of America and Merrill Lynch and for such other relief as this Court deems just and proper.

**I HEREBY CERTIFY** that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been via electronic filing through this Court's CM/ECF system which generated a service copy to Gavin Banta, Esquire (*gsb@angelolaw.com*) and Eric C. Edison, Esquire (*ece@angelolaw.com*), Angelo & Banta, P.A., 515 East Last Olas Boulevard, Suite 850, Ft. Lauderdale, Florida 33301, and Steven A. Mayans, Esquire (*mayans@fmc-lawfirm.com*), Fitzgerald Mayans & Cook, P.A., Northbridge Centre, Suite 900, 515 North Flagler Drive, P.O. Box 3795, West Palm Beach, Florida 33402, on this 20th day of April, 2012.

>LANCE W. SHINDER, P.A.
>398 Camino Gardens Boulevard
>Suite 109
>Boca Raton, FL 33432
>Telephone:   (561) 361-6800
>Facsimile:   (561) 361-0062
>
>By:   */s/ Lance W. Shinder*
>      Lance W. Shinder, Esquire
>      FBN: 851711
>      Email:  lance@shinderlaw.com