IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL CASE NO. 11-80507-CIV-Marra/Hopkins

BRANCH BANKING AND TRUST COMPANY,
a North Carolina banking corporation, successor-in-interest to Colonial Bank by Asset Acquisition from the FDIC as Receiver for Colonial Bank,

    Plaintiff,

v.

HAMILTON GREENS, LLC, a Florida limited liability company, DEVCON LIVINGSTON GREENS, LLC, a Florida limited liability company, BLG ENTERPRISES, LLC, a Florida limited liability company, RICHARD BELLINGER, individually, CHAD LABONTE, individually, and ROLAND LABONTE, individually,

    Defendants,

and

MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED

    Garnishee,

_____/

### PLAINTIFF'S REQUEST FOR PRODUCTION TO GARNISHEE, MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED

Plaintiff, BRANCH BANKING AND TRUST COMPANY ("Plaintiff" or "BB&T"), by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure 34 & 69, hereby files this Request For Production to Garnishee, MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED ("Garnishee" or "MERRILL") to produce and permit Plaintiff to inspect and copy each of the following original documents or legible copies thereof at the offices of the undersigned counsel for said Plaintiff, Angelo & Banta, P.A., 515 East Las Olas Blvd.,

Suite 850, Ft. Lauderdale, Florida 33301, as allowed by and within the time prescribed by the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

For purposes of this Request for Production, whenever the following words or phrases are used in Plaintiff's Request For Production to Garnishee, they shall be deemed to include and require the following applicable definitions and information:

A. **"All"**: In regard to documents and things this shall mean any and/or all.

B. **"Copy"**: This term means an exact duplicate of the original document whether stored, maintained or reproduced by electronic or by other means.

C. **"Person"** or **"Entity"**: These terms shall mean the plural as well as the singular and shall be deemed to include any natural person, joint venture, partnership, association, professional association, firm, governmental agency, corporation, all of their subsidiaries or divisions, and every other form of entity cognizable by law, and in the case(s) of a joint venture, partnership, association, firm, governmental agency, corporation, and/or their subsidiaries or divisions, the individual member(s) or agent(s) thereof.

D. **"Document"** or **"Documents"**: This term shall be deemed to include all tangible things and records of every type, writings and documents of any kind, whether handwritten, typed, printed, photographed, electronically created, stored maintained or reproduced (such as computer floppy disks or hard drives), or otherwise produced or reproduced, including but not limited to letters, cables, wires, emails, minutes, diaries, calendar or desk pads, scrapbooks, notebooks, correspondence, postcards, bulletins, press releases, circulars, forms, pamphlets, notices, statements, journals, reports, notes, computer files located on any hard drive or floppy disk, memoranda (including written memoranda of telephone conversations, office

conversations, discussions, meetings, agreements, acts and activities), and inter- and intra-office communications, contracts, agreements, mortgages, mortgage notes, assignments, guarantees, and other official documents and legal instruments; microfilm, microfiche, and other systems of manual and/or electromagnetic document or information storage and retrieval system and/or device; photographs, photomicrographs and photographic film and negatives; phono-records, tapes and other sound recordings; computer files, drives, tapes, cards, programs and printouts; specifications, work statements, blueprints, drawings, graphs, charts, scientific data and test results, data compilations from which information can be obtained, and translated, if necessary, by the Garnishee through devices into reasonably usable form; published material of any kind; travel reports, accounts and vouchers; ledgers, bills, expense accounts, price lists, catalogs, orders, books, records, invoices, checks, canceled checks, receipts and files, including but not limited to, the original and all copies of the document itself, all earlier and later editions, revisions and supplements, summaries and summarizations, draft copies, handwritten notes, working papers, test results, and original scientific or technical data incorporated into as referred to in the document; drawings, graphs, charts, photographs, recordings, computer print-outs, computer microdisks, medical records, summaries, reports, notes, memoranda, or any other data compilation, calculations, communication, or records of any kind, existing in the possession, custody, and/or control of any of the Garnishee or any agent, employee, and/or attorney of the Garnishee.

    E.    **"Garnishee"**, **"you"**, **"your,"**: These terms, and any synonyms thereof, including each and every name by which the Garnishee, individually and collectively, is known or has been known, and derivatives therefrom, are intended to and shall embrace and include the above-named Garnishee, or any of his partners, agents, representatives, and in addition, said

Garnishee's attorneys and accountants, and all servants, associates, employees, representatives, investigators, and any others who are or who have been in possession or may have obtained information for or on behalf of the Garnishee in any manner referred to in the pleadings in the above-styled case.

    F.    "**Or**": This term shall mean "and/or."

    G.    "**Including**": This term shall mean including but not limited to.

    H.    "**Relating to**": This term shall mean in connection with, bearing upon or referring to in any way the person, thing, event or subject matter described or mentioned.

    I.    "**All**": This term shall mean any and all.

## GENERAL INSTRUCTIONS FOR GARNISHEE

In each of the Garnishee's responses to this Request for Production, said Garnishee is requested to provide not only such documents as is in said Garnishee's control, custody, and/or possession, but also all documents as are reasonably available, whether or not such documents are in said Garnishee's control, custody, and/or possession. If Garnishee's response to Plaintiff's Request for Production is that the material or documents are not in the Garnishee's control, custody, and/or possession, or that those materials or documents are not reasonably available, please identify the source, person(s) having possession, and the address location of the source, person(s) having possession, of any such responsive material or documents, including the address of where such documents or material may be found.

In the event said Garnishee is able to provide only a portion of the documents or material called for by any particular request, Garnishee is to provide all of the documents said Garnishee is able to furnish along with stating the reason for the Garnishee's inability to provide the remainder.

If the Garnishee objects to, or otherwise declines to respond to, any portion of the request, it is requested that Garnishee provide all of the documents called for in that portion of the request to which the Garnishee does not object or to which the Garnishee does not decline to respond. If the Garnishee objects to a request on the ground that it is too broad (i.e., that it calls both for documents which are relevant to the subject matter of this action and for documents which are not relevant), it is requested that the Garnishee provides such documents as the Garnishee considers to be relevant. If the Garnishee objects to a request on the grounds that it will constitute an undue burden to provide the documents, said Garnishee is requested to provide such requested documents as can be supplied without undertaking such undue burden. For those portions of any request to which the Garnishee objects or otherwise declines to respond, the Garnishee is to state the reason for such objection or declination. If an objection is based upon the application of any attorney-client, work-product or other claim of privilege, said Garnishee must, in accordance with Federal Rule of Evidence 501 and Local Rule 26.1 prepare and provide a timely log relating to such materials.

## REQUEST FOR THE PRODUCTION OF DOCUMENTS

1. With regard to Account Number xxxx-1643 which was identified by the Garnishee in its Answer (the "1643 Account"):

   (a) Any and all documents which the Defendant / Judgment Debtor, Chad Labonte, or Erin Rossitto:

   i. Executed to open the 1643 Account, including, but not limited to the signature card or signature forms, deposit agreement and disclosures;

   ii. Executed to transfer funds to and from the 1643 Account;

   iii. Received from the Garnishee to open the 1643 Account;

   iv. Executed on or about March 30, 2012 / April 3, 2012 to entitle the 1643 Account "Chad P. Labonte and Erin Rositto ATBE"

(b) Any and all documents from January 1, 2007 to the present which identify the opening deposit of the 1643 Account, including, but not limited to checks, money orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments of payment, statements, passbooks, account ledgers, computer printouts, journals, books, statements, receipts, or correspondence.

(c) Any and all documents from January 1, 2007 to the present regarding the 1643 Account including, but not limited to, statements of account, account agreements, investment account agreements, copies of any and all checks, withdrawals, money orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments of payment, cancelled checks, statements, passbooks, account ledgers, computer printouts, memos, telephone conversation notes and memos, calendar notes or graphic representations of whatever kind that reflect money held by the Garnishee in the 1643 Account.

(d) Any and all correspondence from January 1, 2007 to the present, whether written, electronic, or otherwise, between the Garnishee and Chad Labonte or Erin Rossito regarding the 1643 Account.

2. With regard to Account Number xxxx-6605 which was identified by the Garnishee in its Answer (the "6605 Account"):

(a) Any and all documents which the Defendant / Judgment Debtor, Chad Labonte, or Erin Rossitto:

　　i. Executed to open the 6605 Account, including, but not limited to the signature card or signature forms, deposit agreement and disclosures;

　　ii. Executed to transfer funds to and from the 6605 Account;

　　iii. Received from the Garnishee to open the 6605 Account;

　　iv. Executed on or about March 30, 2012 / April 4, 2012 to entitle the 6605 Account "Chad P. Labonte and Erin Rositto ATBE"

(b) Any and all documents from January 1, 2007 to the present which identify the opening deposit of the 6605 Account, including, but not limited to checks, money orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments of payment, statements, passbooks, account ledgers, computer printouts, journals, books, statements, receipts, or correspondence.

(c) Any and all documents from January 1, 2007 to the present regarding the 6605 Account including, but not limited to, statements of account, account agreements, investment account agreements, copies of any and all checks, withdrawals, money

orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments of payment, cancelled checks, statements, passbooks, account ledgers, computer printouts, memos, telephone conversation notes and memos, calendar notes or graphic representations of whatever kind that reflect money held by the Garnishee in the 6605 Account.

(d) Any and all correspondence from January 1, 2007 to the present, whether written, electronic, or otherwise, between the Garnishee and Chad Labonte or Erin Rossito regarding the 6605 Account.

3. With regard to Account Number xxxx-6466 which was identified by the Garnishee in its Answer (the "6466 Account"):

   i. Executed to open the 6466 Account, including, but not limited to the signature card or signature forms, deposit agreement and disclosures;

   ii. Executed to transfer funds to and from the 6466 Account;

   iii. Received from the Garnishee to open the 6466 Account;

(a) Any and all documents from January 1, 2007 to the present which identify the opening deposit of the 6466 Account, including, but not limited to checks, money orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments of payment, statements, passbooks, account ledgers, computer printouts, journals, books, statements, receipts, or correspondence.

(b) Any and all documents from January 1, 2007 to the present regarding the 6466 Account including, but not limited to, statements of account, account agreements, investment account agreements, copies of any and all checks, withdrawals, money orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments of payment, cancelled checks, statements, passbooks, account ledgers, computer printouts, memos, telephone conversation notes and memos, calendar notes or graphic representations of whatever kind that reflect money held by the Garnishee in the 6466 Account.

(c) Any and all correspondence from January 1, 2007 to the present, whether written, electronic, or otherwise, between the Garnishee and Chad Labonte or Erin Rossito regarding the 6466 Account.

(d) Any and all correspondence from January 1, 2007 to the present, whether written, electronic, or otherwise, between the Garnishee and Chad Labonte or Erin Rossito regarding the 6466 Account.

4. With regard to Account Number xxxx-3739 which was identified by the Garnishee in its Answer (the "3739 Account"):

      i. Executed to open the 3739 Account, including, but not limited to the signature card or signature forms, deposit agreement and disclosures;

      ii. Executed to transfer funds to and from the 3739 Account;

      iii. Received from the Garnishee to open the 3739 Account;

(a) Any and all documents from January 1, 2007 to the present which identify the opening deposit of the 3739 Account, including, but not limited to checks, money orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments of payment, statements, passbooks, account ledgers, computer printouts, journals, books, statements, receipts, or correspondence.

(b) Any and all documents from January 1, 2007 to the present regarding the 3739 Account including, but not limited to, statements of account, account agreements, investment account agreements, copies of any and all checks, withdrawals, money orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments of payment, cancelled checks, statements, passbooks, account ledgers, computer printouts, memos, telephone conversation notes and memos, calendar notes or graphic representations of whatever kind that reflect money held by the Garnishee in the 3739 Account.

(c) Any and all correspondence from January 1, 2007 to the present, whether written, electronic, or otherwise, between the Garnishee and Chad Labonte or Erin Rossito regarding the 3739 Account.

(d) Any and all correspondence from January 1, 2007 to the present, whether written, electronic, or otherwise, between the Garnishee and Chad Labonte or Erin Rossito regarding the 3739 Account.

5. With regard to Account Number xxxx-0816 which was identified by the Garnishee in its Answer (the "0816 Account"):

      i. Executed to open the 0816 Account, including, but not limited to the signature card or signature forms, deposit agreement and disclosures;

      ii. Executed to transfer funds to and from the 0816 Account;

      iii. Received from the Garnishee to open the 0816 Account;

(a) Any and all documents from January 1, 2007 to the present which identify the opening deposit of the 0816 Account, including, but not limited to checks, money orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments

of payment, statements, passbooks, account ledgers, computer printouts, journals, books, statements, receipts, or correspondence.

(c) Any and all documents from January 1, 2007 to the present regarding the 0816 Account including, but not limited to, statements of account, account agreements, investment account agreements, copies of any and all checks, withdrawals, money orders, deposits, cashier's checks, wire transfers, electronic transfers, instruments of payment, cancelled checks, statements, passbooks, account ledgers, computer printouts, memos, telephone conversation notes and memos, calendar notes or graphic representations of whatever kind that reflect money held by the Garnishee in the 0816 Account.

(c) Any and all correspondence from January 1, 2007 to the present, whether written, electronic, or otherwise, between the Garnishee and Chad Labonte or Erin Rossito regarding the 0816 Account.

(d) Any and all correspondence from January 1, 2007 to the present, whether written, electronic, or otherwise, between the Garnishee and Chad Labonte or Erin Rossito regarding the 0816 Account.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on April 16, 2012 via facsimile and U.S. Mail to Lance W. Shinder, P.A., (561-361-0062) Camino Gardens Boulevard, Suite 109, Boca Raton, Florida 33432, Steven Anthony Mayans (561-832-8678), Fitzgerald, Mayans & Cook, P.A., Northbridge Centre, Suite 900, 515 North Flagler Drive, P.O. Box 3795, West Palm Beach, Florida 33402, and M. Therese Vento, Esq., Shutts & Bowen, LLP, 201 S. Biscayne Boulevard, #1500, Miami, Florida 33130 (305-347-7876).

ANGELO & BANTA, P.A.
SunTrust Center, Suite 850
515 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Telephone:   954-766-9930
Facsimile:   954-766-9937

By: /s/ Eric C. Edison
ERIC C. EDISON, ESQ.
ece@angelolaw.com
Florida Bar No. 010379



# ANGELO & BANTA, P.A.
### ATTORNEYS AT LAW

SunTrust Center - Suite 850 - 515 East Las Olas Boulevard - Fort Lauderdale, FL - 33301
Telephone: (954) 766-9930   Facsimile: (954) 766-9937

## FACSIMILE TRANSMISSION

| NAME | COMPANY | FAX NUMBER |
|---|---|---|
| Lance W. Shinder, Esq. | Lance W. Shiner, P.A. | (561) 361-0062 |
| Steven Anthony Mayans, Esq. | Fitzgerald, Mayans & Cook, P.A. | (561) 832-8678 |
| M. Therese Vento, Esq. | Shutts & Bowen, LLP | (305) 347-7876 |

**FROM:** Rosalie S. Galante
email: rsg@angelolaw.com

**DATE:** April 17, 2012

**REFERENCE NO.:** BB&T v. HAMILTON GREENS, LLC
Case No.: 11-80507-CIV-Marra/Hopkins

**NO. OF PAGES:** 10 (including this page)

Attached please find Plaintiff's Request for Production directed to Garnishee, Merrill Lynch Pierce & Smith Incorporated.

Should you have any questions or concerns, please do not hesitate to contact me or Mr. Edison.

Respectfully submitted,
Rosalie S. Galante

**NOTICE OF CONFIDENTIALITY:** The statements upon and any documents included with this facsimile transmittal sheet contain information from the firm of Angelo & Banta, P.A. that is *confidential, privileged* and *exempt from disclosure* under applicable laws. This information is intended to be for the exclusive use of the named addressee. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this transmittal is prohibited. If you have received this facsimile in error, please immediately notify us at (954) 766-9930 so that we can arrange for the retrieval of the original documents at no cost to you. If you have difficulty in the receipt of this fax transmission, please call: (954) 766-9930.