UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 11-80507-CIV-MARRA/HOPKINS

BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, successor-in-interest to Colonial Bank by Asset Acquisition from the FDIC as Receiver for Colonial Bank,

  Plaintiff,

vs.

HAMILTON GREENS, LLC, a Florida limited liability company, DEVCON LIVINGSTON GREENS, LLC, a Florida limited liability company, BLG ENTERPRISES, LLC, a Florida limited liability company, RICHARD BELLINGER, individually, CHAD LABONTE, individually, and ROLAND LABONTE, individually,

  Defendants,
and

MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED,

  Garnishee.

**GARNISHEE MERRILL LYNCH PIERCE FENNER & SMITH INCORPORATED'S MOTION TO QUASH
MAY 8, 2012 SUBPOENA DUCES TECUM BY PLAINTIFF/GARNISHOR BBT**

Merrill Lynch Pierce Fenner & Smith Incorporated ("Merrill Lynch" or "Garnishee"), named as garnishee in the above-referenced cause, through its undersigned counsel and pursuant to Rule 45(c)(3)(A)(i), (ii), (iii), and (iv) of the Federal Rules of Civil Procedure, hereby respectfully moves this Court to quash the May 8, 2012 Subpoena *Duces Tecum* For Testimony Before The Court on May 9, 2012 served by Plaintiff Branch Banking and Trust Company

("Plaintiff" or "Garnishor"), on Merrill Lynch. As grounds therefor, Merrill Lynch states:

1. On May 2, 2012, the Court entered an Order [DE 107] setting a hearing for May 9, 2012 on: (a) several motions filed by Defendants, including Chad Labonte ("C. Labonte"), to discharge or dissolve Writs of Garnishment that were directed to, among others, Merrill Lynch; and (b) Defendant C. Labonte's Motion for Protective Order as to Plaintiff's Requests for Production to, among others, Merrill Lynch.

2. The Plaintiff sought a continuance of the hearing on May 7, and this Court deferred ruling on that motion on May 8, advising that argument on the continuance would be heard at the May 9 hearing [DE 114].

3. At 3:40 p.m. on May 8, Merrill Lynch was served with the attached Subpoena *Duces Tecum* For Testimony Before The Court (the "Subpoena") <u>for the next morning</u> and is directed to "Person with the most knowledge as to the Answer of the Garnishee, Merrill Lynch". *A true and correct copy of the May 8, 2012 Subpoena is attached hereto as Exhibit A.*

4. Although Merrill Lynch, as a neutral garnishee, seeks to be responsive to appropriate Court process, in this instance not only is the time given to Merrill Lynch to comply unreasonably short, but the information and documentation required to be provided contain private and confidential information which has been objected to by C. Labonte, which must be resolved by the Court before production can be made. Further, if the objections by C. Labonte are overruled, the volume of documents within the scope of the Subpoena subjects Merrill Lynch to undue burden, and compliance with the Subpoena would require a Merrill Lynch representative to travel more than 100 miles from where that person resides. These are all grounds for quashing a subpoena under Rule 45 (c) (3) (A).

5. Because the subject Merrill Lynch accounts originated in Connecticut, Merrill Lynch has no person in Florida with familiarity with the subject accounts. The person meeting the description of the Subpoena is located in Hartford, CT.

6. The Subpoena seeks production at the May 9 hearing of five categories of documents, once for each of five accounts at Merrill Lynch. Within each category there are eight sub-categories, each covering a span of five and one-half years. Included within the scope is financial and private information of non-party Erin Rossitto, who may not have been given a reasonable opportunity to object to the Subpoena.

7. The Subpoena largely covers the same categories of documents which were included in Plaintiff/Garnishor's First Request for Production to Merrill Lynch dated April 18, 2012. That Request for Production is the subject of C. Labonte's Motion for Protective Order [DE 89] on April 23, 2012, which is scheduled to be argued at the May 9 hearing.

8. The Subpoena also includes largely the same category of documents included in Plaintiff/Garnishor's Second Request for Production to Merrill Lynch dated April 30, 2012, which seeks the same kind of information which is the subject of C. Labonte's objections. Accordingly, Merrill Lynch must await a resolution of C. Labonte's objections and pending Motions before producing any of the requested documents, as the Subpoena and the corresponding Request for Production seek financial and personal information which is protected from disclosure without consent of the account holder or a Court Order. *Alterra Healthcare Corporation v. Estate of Shelley,* 827 So. 2d 936, 941-44 (Fla. 2002).

9. Even if the Court were to deny the Defendants' Motion for Protective Order, Merrill Lynch will need at least two weeks to produce some of the more readily obtainable documents, and three to four weeks to produce others, given the current scope of the Requests. In addition to account opening and related documents, correspondence, and five and one-half

years of statements for the numerous accounts in the Subpoena (plus several more accounts within the scope of the two Requests for Production directed to Merrill Lynch), the Subpoena also seeks all items referenced in the account statements, including checks and wire transfers for the accounts. This is unduly burdensome, as one account reflects approximately 350 checks and 50 wire transfers.

10. For check requests Merrill Lynch needs to pull all statements and review each statement for any checks (written or deposited), then the reviewer needs to redact everything but the subject checks and send the request to another department to pull the copies and send to the reviewer. The time it takes depends on the amount of checks written and deposited in the account. For wires, the reviewer needs to pull each one individually from each statement for each account.

11. Although if the Court determines that production should proceed Merrill Lynch will attend to this matter expeditiously, due to the volume of checks (approximately 400) and wire transfers (approximately 55) in the totality of the accounts as currently constituted in the Subpoena, approximately 3 weeks will be needed to process such documents and provide them to Merrill Lynch's counsel for further handling and subsequent production. The department which processes checks also responds to governmental high priority and emergency items, as well as prior pending subpoenas from other cases, which can affect response time.

12. In these circumstances a resolution is often achieved by Merrill Lynch producing the account statements, and counsel for the parties then identifying particular items referenced therein which are needed. Merrill Lynch requests that this process be employed if the Court orders production of items contained within the account statements.

13. The Subpoena also calls for electronic documents, which will require use of an outside vendor and pre-payment of Merrill Lynch's costs. For example, if emails must be

obtained from Merrill Lynch's hard drive, the costs will vary depending on the scope of the request, and can take 5-7 weeks to retrieve and review.  If this path is to be taken, Merrill Lynch will need more information such as external email addresses, the names of all Merrill Lynch employees/custodians to include, and any key words for the search.  To the extent the Subpoena calls for electronic documents that are not reasonably accessible because of undue burden or cost, it is objectionable.  Fed. R. Civ. P. 26 (b) (2) (B).

14.     To the extent the Subpoena seeks correspondence from January 1, 2007 to the present, it is objected to as overbroad and burdensome, not reasonably accessible, and inclusive of matters having nothing to do with the instant issues, and containing proprietary information of Merrill Lynch, including information regarding its products and services.

15.     The Subpoena calls for production of protected proprietary information of Merrill Lynch, including account ledgers, computer printouts, journals, books, memos, calendar notes, graphic representations, and other proprietary documents, to which Merrill Lynch objects, as the information sought can be readily obtained from other non-proprietary sources.

16.     The Subpoena is vague, overbroad, and unduly burdensome in seeking "all documents" "regarding" specific accounts.  Merrill Lynch objects to the extent that the Subpoena seeks documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or discovery immunity.  Should the Court deny C. Labonte's motions and permit discovery to proceed, if any privileged document be inadvertently produced, Merrill Lynch reserves the right to obtain its return and to object to use of its contents.  As to communications between counsel and their clients pertaining to this matter, Merrill Lynch's counsel understands that there is no need or requirement to include any such documents in any privilege log or to specifically claim privilege as to such documents.

## **MEMORANDUM OF LAW**

As demonstrated above, the Subpoena falls squarely within each category of Fed. R. Civ. P. 45(c)(3)(A)(i), (ii), (iii), and (iv), which requires that a person/entity be protected if the subpoena (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person… (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue expense.

If the production is to proceed, Merrill Lynch requests that the scope of the Subpoena be narrowed, that Merrill Lynch be given a reasonable time to respond, and that it be protected from undue burden and expense. Accordingly, Merrill Lynch reserves the right to seek attorneys' fees under Fed. R. Civ. P. 45. Merrill Lynch is also entitled to its reasonable attorneys' fees under Section 77.28, Fla. Stat., as this discovery pertains to the Writ of Garnishment to Merrill Lynch.

Merrill Lynch is also entitled to its reasonable internal fees and expenses incurred in responding to the Subpoena, including those incurred searching for, reproducing, and producing documents, as a condition precedent to production. *See* Section 92.153(2)(a), Fla. Stat.

WHEREFORE, Garnishee Merrill Lynch respectfully requests that this Court: (a) enter an order quashing the May 8, 2012 Subpoena, or (b) alternatively narrowing the scope of the Subpoena, and providing Merrill Lynch a reasonable period of time to produce documents, and requiring pre-payment to Merrill Lynch of its reasonable expenses incurred in researching, copying/reproducing, transporting and producing such documents; (c) awarding Merrill Lynch its reasonable attorneys' fees incurred in responding to the Subpoena pursuant to Section 77.28, Florida Statutes and Rule 45; and (d) such other and further relief which this Court deems just.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel hereby certifies that counsel for the movant has conferred with Plaintiff/Garnishor's counsel in a good faith effort to resolve the issues but has been unable to do so.

Respectfully submitted,

*s/ M. Thérèse Vento*
Florida Bar No. 231746
*tvento@shutts.com*
SHUTTS & BOWEN LLP
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 347-7318
Facsimile:  (305) 347-7876
*Counsel for Garnishee Merrill Lynch Pierce Fenner & Smith Incorporated*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 9, 2012, I electronically filed the foregoing Document with the Clerk of the Court using CM/ECF.  I also certify and that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Party who are not authorized to receive electronically Notices of Electronic Filing.

                                                *s/M. Thérèse Vento*
                                                Of Counsel

**SERVICE LIST**

**Branch Banking and Trust Company v. Hamilton Greens, LLC, et al.
Civil Action No. 11-80507-CIV-MARRA/HOPKINS
United States District Court, Southern District of Florida**

Eric C. Edison, Esq.
ece@angelolaw.com
Angelo & Banta, P.A.
515 East Las Olas Boulevard, #850
Ft. Lauderdale, FL 33301
Telephone:     954-766-9930
Facsimile:     954-766-9937
*Counsel for Plaintiff/ Garnishor Branch Banking and Trust Company*

Lance Wayne Shinder, Esq.
lance@shinderlaw.com
Lance W. Shinder, P.A.
398 Camino Gardens Boulevard, Suite 109
Boca Raton, FL 33432
Telephone:     561-361-6800
Facsimile: 561-361-0062
*Counsel for Defendant Hamilton Greens, LLC,
Defendant Devcon Livingston Greens, LLC,
Defendant BLG Enterprises, LLC, Defendant Chad Labonte, and
Defendant Roland Labonte*

Steven Anthony Mayans, Esq.
mayans@fmc-lawfirm.com
Fitzgerald Mayans & Cook, P.A.
Northbridge Centre, Suite 900
515 North Flagler Drive
P.O. Box 3795
West Palm Beach, FL 33402
Telephone:  561-832-9128
Facsimile: 561-832-8678
*Counsel for Defendant Richard P. Bellinger*

Bradley S. Shraiberg, Esq.
bshraiberg@sfl-pa.com
Bernice C. Lee, Esq.
blee@sfl-pa.com
Shraiberg, Ferrara & Landau, P.A.
2385 NW Executive Center Drive, #300
Boca Raton, FL  33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
*Counsel for Interested Party Erin Rossitto*

Ana Maria Jhones, Esq.
*jhonesam@aol.com*
Ana M. Jhones, P.A.
300 Seville Avenue, Suite 210
Coral Gables, FL 33134
Telephone:  305-461-0700
Facsimile: 442-9990
*Co-Counsel for Garnishee Bank of America, N.A.*

Morgan F. Spector, Esq.
mfs@lgplaw.com
Miguel M. Cordano, Esq.
mc@lgplaw.com
Liebler, Gonzalez & Portuondo, P.A.
44 West Flagler Street, 25th Floor
Miami, FL  33130
Telephone: 305-379-0400
Facsimile: 305-379-9626
*Co-Counsel for Garnishee Bank of America, N.A.*

M. Thérèse Vento, Esq.
*tvento@shutts.com*
Shutts & Bowen LLP
201 S. Biscayne Boulevard, #1500
Miami, FL 33130
Telephone:     305-347-7318
Facsimile:     305-347-7876
*Counsel for Garnishee Merrill Lynch Pierce Fenner & Smith Incorporated*