UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80507-CIV-Marra/Johnson

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, successor-in-interest to
Colonial Bank by asset acquisition from
the FDIC as Receiver for Colonial Bank,

    Plaintiff,

v.

HAMILTON GREENS, LLC, a Florida
limited liability company,
DEVCON LIVINGSTON GREENS, LLC,
a Florida limited liability company,
BLG ENTERPRISES, LLC, a Florida
limited liability company,
RICHARD BELLINGER, individually,
CHAD LABONTE, individually,
and ROLAND LABONTE, individually,

    Defendants,
_____/

### BRANCH BANKING AND TRUST COMPANY'S MOTION FOR ORDER DIRECTING CLERK TO ISSUE WRIT OF EXECUTION

Plaintiff, Branch Banking and Trust Company, a North Carolina banking corporation, as successor-in-interest to Colonial Bank by asset acquisition from the FDIC as Receiver for Colonial Bank ("BB&T"), by and through its undersigned counsel, and pursuant to Rule 69 of the Federal Rules of Civil Procedure, hereby moves this Court for an Order directing the Clerk to issue a Writ of Execution in the above-styled action and, in support thereof, states as follows:

1.    On May 28, 2013, a Final Judgment was entered in favor of BB&T and against Defendant Richard Bellinger ("Bellinger") in the amount of $4,923,797.57, plus post-judgment interest (the "Judgment"). A copy of the Judgment is attached hereto as **Exhibit "A."**

1

2. To date, Bellinger has failed to satisfy any portion of the Judgment.

3. The deadline for Bellinger to file a motion for rehearing or for a new trial in this cause has expired, with no such motion having been filed, and the Judgment has been duly recorded. As such, the Judgment is subject to execution pursuant to Rule 69, Federal Rules of Civil Procedure, and Rule 1.550(a), Florida Rules of Civil Procedure.[1]

**WHEREFORE,** Plaintiff, Branch Banking and Trust Company, respectfully requests that the Court enter an Order directing the Clerk to issue a Writ of Execution in this matter in the form of the attached **Exhibit "B"** and for any other relief that the Court deems appropriate.

Respectfully submitted,

/s/ *Shayne A. Thomas*
W. Glenn Jensen, Esquire
Florida Bar No. 0126070
gjensen@ralaw.com
yhibbert@ralaw.com
Shayne A. Thomas, Esquire
Florida Bar No. 0585025
sthomas@ralaw.com
ctorres@ralaw.com
ROETZEL & ANDRESS, LPA
CNL Center II, 7th Floor
420 South Orange Avenue
Orlando, Florida 32801
Telephone: 407.896.2224
Facsimile: 407.835.3596
*Counsel for Plaintiff*

---

[1] Rule 69 of the Federal Rules of Civil Procedure provides that "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

Under Florida law, "Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney without praecipe. No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing...." Fla. R. Civ. P. 1.550(a).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of April, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following parties: **(i)** Steven A. Mayans, Esq., Fitzgerald Mayans & Cook, P.A. (Counsel for Richard Bellinger); and **(ii)** Lance W. Shinder, Esq., Lance W. Shinder, P.A. (Counsel for Hamilton Greens, LLC, Devcon Livingston Greens, LLC, Chad Labonte and Roland Labonte).

/s/ *Shayne A. Thomas*
Shayne A. Thomas

8186926_1 122734.0204