UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80507-CIV-Marra/Johnson

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, successor-in-interest to
Colonial Bank by asset acquisition from
the FDIC as Receiver for Colonial Bank,

    Plaintiff,

v.

HAMILTON GREENS, LLC, a Florida
limited liability company,
DEVCON LIVINGSTON GREENS, LLC,
a Florida limited liability company,
BLG ENTERPRISES, LLC, a Florida
limited liability company,
RICHARD BELLINGER, individually,
CHAD LABONTE, individually,
and ROLAND LABONTE, individually,

    Defendants,

and

MAUREEN DONNELLY, individually,

    Defendant in Proceeding
    Supplementary.
_____/

## BRANCH BANKING AND TRUST COMPANY'S COMPLAINT IN PROCEEDINGS SUPPLEMENTARY

Plaintiff, BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation ("BB&T"), as successor-in-interest to Colonial Bank by asset acquisition from the FDIC as Receiver for Colonial Bank ("Colonial Bank"), by and through its undersigned counsel and pursuant to Rule 69, Federal Rules of Civil Procedure, § 56.29 and Chapter 726, Florida

Statutes, and this Court's Order dated September 11, 2014, hereby sues Defendant RICHARD BELLINGER ("Bellinger") and Impleaded Defendant MAUREEN DONNELLY ("Donnelly") (collectively with Bellinger, as "Defendants"), and states:

1. This is an action pursuant to § 726.105, Florida Statutes, and is filed pursuant to the Order Granting Plaintiff's Motion for Proceedings Supplementary Including Impleader of Third-Party (the "Order") [DE 292], entered by this Court.

2. On May 28, 2013, this Court entered a Final Judgment in favor of BB&T and against Bellinger in the amount of $4,923,797.57 plus post-judgment interest (the "Final Judgment").

3. Pursuant to § 55.501, et. seq., Florida Statutes, the Final Judgment was recorded in the Public Records of Palm Beach County, Florida, on June 21, 2013, in Official Records Book 26121, Page 429.

4. BB&T has not received satisfaction of the Final Judgment or any portion thereof and the Final Judgment is valid and outstanding.

5. Pursuant to § 56.29, Florida Statutes, BB&T filed its Motion for Proceedings Supplementary Including Impleader of Third-Party, and the Court entered the Order, which, *inter alia,* impleaded Donnelly as a Defendant in this action.

6. Colonial Bank was an Alabama corporation prior to BB&T acquiring its assets from the FDIC. BB&T is a North Carolina banking corporation with its principal place of business located in North Carolina.

7. Upon information and belief, Bellinger is a citizen of Florida and resides in Palm Beach County, Florida.

8. Upon information and belief, Donnelly is a citizen of Florida and resides in Palm Beach County, Florida.

9. At some time in or before November of 2011, Bellinger devised a scheme (hereinafter the "Asset Diversion Scheme") to transfer valuable, non-exempt assets, including, but not limited to, over $1.7 million in stocks, bonds and cash, to a Cook Islands Trust (the "Trust").

10. The aim of the Asset Diversion Scheme was to transfer such assets beyond the reach of Bellinger's creditors or potential creditors, including BB&T.

11. Initially, the distributions from the Trust were made to Bellinger's account at Wells Fargo (the "Wells Fargo Account").

12. On May 8, 2013 – less than two weeks after this Court granted BB&T's motion for summary judgment – Bellinger closed the Wells Fargo Account.[1]  Around this same time, Bellinger directed the trustee to stop making the Trust distributions to him, and to instead make them to Donnelly (the "Asset Transfer").

13. Bellinger effectuated the Asset Transfer in order to thwart BB&T's efforts at garnishing his accounts, including, but not limited to, the Wells Fargo Account.

14. As a direct result of the Asset Transfer, Donnelly has used and continues to use the distributions from the Trust in order to financially support Bellinger, including, but not limited to, making payments on his behalf for gym memberships, legal fees, insurance, cable bills, pool maintenance, cell-phone bills and everyday living expenses.

15. Upon information and belief, Donnelly is unemployed and has not received income in over three (3) years.

---

[1] This Court granted BB&T's summary judgment motion on April 29, 2013.

16. The assets of the Trust continue to be used for the benefit of Bellinger, but are not available to satisfy the Final Judgment.

17. All conditions precedent to this action have been satisfied, performed or waived.

18. BB&T has employed the services of legal counsel to represent it in this action and has incurred and will incur reasonable attorneys' fees and costs related hereto.

### COUNT I – Fraudulent Transfer Pursuant to § 726.105(1)(a), Fla. Stat.
(BELLINGER and DONNELLY)

19. BB&T alleges and incorporates paragraphs 1 through 18 herein.

20. The Asset Transfer was a fraudulent transfer as to BB&T pursuant to § 726.105(1)(a), Fla. Stat., because such transfer was made with the actual intent to hinder, delay or defraud BB&T.

21. The actual intent is evidence by, *inter alia*, the following:

   (a) The Asset Transfer was to an insider, Donnelly, Bellinger's girlfriend, via the Trust;

   (b) Upon information and belief, Bellinger effectuated the Asset Transfer the same month this Court entered the Final Judgment against him, and several days after this Court granted BB&T's summary judgment motion;

   (c) Upon information and belief, the Trust assets constitute substantially all of the valuable assets of Bellinger;

   (d) The Asset Diversion Scheme and Asset Transfer was not disclosed to BB&T;

   (e) Upon information and belief, Bellinger became insolvent as a result of the Asset Diversion Scheme, and Bellinger knew the Asset Diversion Scheme would render him insolvent; and

   (f) As a result of the Asset Transfer, Bellinger is supported by the assets of the Trust via Donnelly.

22. The Asset Transfer was a fraudulent transfer as to BB&T pursuant to § 726.105(1)(b), Fla. Stat., because Bellinger did not receive a reasonably equivalent value in exchange for the said transfer; and

    (a)    Bellinger's remaining assets, if any, were unreasonably small in relation to such transfer; or

    (b)    Bellinger intended to incur or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

23. Since the date of the Asset Transfer, Bellinger has benefited and continues to benefit from the Asset Transfer and the Asset Diversion Scheme at the expense of BB&T.

24. Pursuant to §§ 726.108 and 726.109, Fla. Stat., BB&T is entitled to seek application of the valuable assets of Bellinger fraudulently transferred to Donnelly via the Trust to satisfy the Final Judgment, and an injunction preventing Donnelly from receiving further disbursements from the Trust.

WHEREFORE, Plaintiff Branch Banking and Trust Company demands a judgment finding that the Asset Transfer was a fraudulent transfer as to Plaintiff, ordering the distributions of the Trust in the possession of Maureen Donnelly to be applied to the Final Judgment and awarding to Plaintiff its reasonable attorneys' fees and costs incurred, alternatively, awarding judgment in favor of Plaintiff against Richard Bellinger and Maureen Donnelly, jointly and severally, for the value of the assets transferred, and granting such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ *Lawrence Gonzalez II*
W. Glenn Jensen, Esquire
Florida Bar No. 0126070
Shayne A. Thomas, Esquire
Florida Bar No. 0585025
Lawrence Gonzalez II, Esq.
Florida Bar No. 107175
ROETZEL & ANDRESS, LPA
420 South Orange Avenue
CNL Center II, 7th Floor
Orlando, Florida 32801
Telephone: (407) 896-2224
Facsimile: (407) 835-3596
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of October, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following parties: **(i)** Steven A. Mayans, Esq., Fitzgerald Mayans & Cook, P.A. (Counsel for Richard Bellinger and Maureen Donnelly); and **(ii)** Lance W. Shinder, Esq., Lance W. Shinder, P.A. (Counsel for Hamilton Greens, LLC, Devcon Livingston Greens, LLC, Chad Labonte and Roland Labonte).

/s/ *Lawrence Gonzalez II*
Lawrence Gonzalez II